## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. 21-408-TJK |
| | : | |
| v. | : | |
| | : | |
| RANSHEN LIN, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION FOR A DOWNWARD DEPARTURE
### AND MEMORANDUM IN AID OF SENTENCING

Ranshen Lin has dedicated a considerable amount of his adult life to iPhone fraud schemes. In January 2014, he was arrested for one scheme, which involved using other people's identity information to purchase iPhones from Radio Shacks in Virginia. Following his arrest, Lin switched to fraudulently acquiring iPhones from Target. He was arrested for the Target scheme in October 2014. The next month, he resolved both of his criminal cases by pleading guilty to three charges in Virginia state court. He was ultimately sentenced to a total of three years of probation. Unfortunately, he was completely undeterred by his two arrests and sentence. While he was on probation, he engaged in the scheme that ultimately brought him before this Court, which involved him receiving shipments of inauthentic iPhones from Hong Kong and returning those phones to Apple and claiming they were authentic in-warranty devices. The government's investigation showed that he directly caused a loss to Apple of more than $300,000.

In early December 2019, when federal law enforcement agents started arresting other Apple fraudsters in this jurisdiction, Lin, a lawful permanent resident, was traveling outside the United States. He was scheduled to return to the D.C. metropolitan area on December 22, 2019, and would have been arrested had he done so, but he remained outside the country for nearly eleven months, in part, because he thought he would be arrested. That is precisely what happened on November 14, 2020, when he finally returned to America.

Once Lin was back in the United States, he started cooperating with the government. He debriefed multiple times, provided law enforcement with valuable information, and entered into a cooperation plea agreement. His actions influenced Dian Luo to plead guilty. Based on the substantial assistance that he provided, the government requests that the Court reduce his final offense level from 19 to 15 pursuant to Guidelines § 5K1.1, resulting in a final guidelines range of 21 to 27 months. Consistent with that Guideline, the factors set forth in 18 U.S.C. § 3553(a), and *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994), the government recommends that the Court sentence Lin to 21 months' imprisonment followed by three years of supervised release. Such a sentence would be sufficient but not greater than necessary to accomplish the purposes of sentencing.

## FACTUAL BACKGROUND

### I.  LIN'S PREVIOUS IPHONE FRAUD SCHEMES

Lin was born in China in 1994. PSR ¶ 79. He moved to the United States in 2004 when he was nine years old and is a permanent lawful resident. *See* PSR ¶ 87-88. He has a good relationship with his mother and siblings, both of whom live in the United States. PSR ¶ 85. His work history consists of limited lawful employment. *See* PSR ¶ 102-104. Indeed, he has focused much of his adult life on making money through fraud schemes.

In January 2014, when he was 19 years old, Lin was arrested in connection with a scheme to obtain iPhones at discounted rates from Radio Shacks in Northern Virginia. Lin used other people's information to sign up for AT&T service plans so he could purchase iPhones at lower rates than he otherwise could. *See* PSR ¶ 69.

After his January 2014 arrest, Lin continued to break the law. He was arrested in October 2014 for yet another iPhone fraud scheme. This time he worked with an employee inside a Northern Virginia Target store to acquire brand new iPhones at discounted prices. At the time, Target was selling new iPhones—which retailed for $699.99—to customers for $99.99 if the customers signed a two-year contract with a cell provider. Once the cell phone account was activated and the account holder honored the contract, Target would receive a $600 chargeback from the cell service provider, which allowed Target to realize the full retail price for iPhones that it sold. Just as he had done months earlier, however, Lin defrauded Target by using other people's information to sign up for cell service contracts that he had no intention of honoring. Lin paid the Target employee a kickback for allowing him to purchase the phones at discounted rates through this method. Lin ultimately sold the new iPhones to an individual in Hong Kong for approximately $550 to $600. *See* PSR ¶ 70.

On November 10, 2014, Lin pleaded guilty in Loudoun County, Virginia, Circuit Court, to identity fraud and two counts of obtaining money by false pretenses in connection with the cases. In February 2015, the court sentenced him to two years of incarceration, but suspended the time, and placed him on three years of probation. PSR ¶ 69-70.

II.     **LIN'S SCHEME TO DEFRAUD APPLE IN THE INSTANT CASE**

Lin was not deterred from engaging in additional criminal conduct following his arrests in Virginia and his probationary sentence. On the contrary, between September 2014 and April 2016, Lin received more than 50 shipments of packages containing inauthentic iPhones from Hong Kong. After a law enforcement agent intercepted an April 2016 package containing 29 iPhones, Apple confirmed that three of the phones contained counterfeit parts. PSR ¶ 33. The following

month—while Lin was on probation—federal law enforcement agents interviewed him about that shipment and informed him that the phones he attempted to import were counterfeit. Instead of ceasing his criminal behavior, Lin simply doubled down. He continued to receive inauthentic iPhones from Hong Kong but tried to avoid detection by concealing his identity and having shipments sent to aliases and fake company names such as "Bill L," "Sentrix LLC," and "Smartfix LLC." PSR ¶ 34. To keep Apple from flagging his warranty returns, Lin used multiple addresses, names, and variations of names. PSR ¶ 36. Lin also opened multiple mailboxes at UPS Stores as part of his scheme. PSR ¶ 35. He returned phones to Apple retail stores, including the Apple Store located in Georgetown, and to Apple Authorized Service Providers. At one point, he and Dian Luo—who are friends—actually purchased an Apple Authorized Service Provider, i.e., a third-party repair facility, in Michigan with Luo's relative being the owner on paper. Lin and Luo intended to use the store to defraud Apple, but never had a real opportunity to use the store in the way they wanted because the government started arresting people in this case. PSR ¶ 42a.

Lin admitted that he intended to defraud Apple out of more than $550,000, and personally caused Apple to lose more than $300,000. PSR ¶ 42.

### III. LIN'S DECISION TO REMAIN OUTSIDE THE UNITED STATES, HIS RETURN TO AMERICA, AND HIS COOPERATION

In early December 2019, when law enforcement agents started arresting other Apple fraudsters, like Wen Jin Gao, Haotian Sun, Dian Luo, and Pengfei Xue, Lin was traveling outside the United States. He was scheduled to return to the D.C. metropolitan area on December 22, 2019, but was aware of the others' arrests, so he remained outside the country for nearly eleven months. On November 14, 2020, he finally flew back to the United States from China. When he arrived at the Seattle-Tacoma International Airport, he was promptly arrested. After being transported back

to this district, he started cooperating with the government. He debriefed with the government multiple times and ultimately pleaded guilty to conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 pursuant to a cooperation agreement. As a result of Lin's cooperation, Luo was influenced to plead guilty.

## IV.  SENTENCING GUIDELINES

The presentence investigation report properly applied the following guidelines provisions:

| | | |
|---|---|---|
| USSG §2X1.1/2B1.1(a)(2) | Base Offense Level | 6 |
| USSG §2B1.1(b)(1)(H) | Loss of more than $550,000 | 14 |
| USSG §2B1.1(b)(10)(B) | Substantial part of scheme committed outside U.S. | 2 |
| USSG §3E1.1 | Acceptance of Responsibility | -3 |
| | Total: | 19 |

PSR ¶ 55-67.

Lin has two criminal history points based on his schemes to defraud Radio Shack (*see* PSR ¶ 69) and Target out of iPhones (*see* PSR ¶ 70). PSR ¶ 71. Even though he committed the instant offense while he was on probation—which would have subjected him to an additional two criminal history "status points" at the time that he entered his guilty plea—in 2023, the U.S. Sentencing Commission enacted Amendment 821, which modified § 4A1.1 to only award one additional criminal history point for committing an offense while serving a criminal justice sentence to defendants who already had received 7 or more criminal history points. As a result, even though the parties believed Lin would be in Criminal History Category III at the time of sentencing, he actually is in Criminal History Category II. His recommended guidelines range at level 19 and CHC II is 33 to 41 months. PSR ¶ 113. Prior to Amendment 821, his recommended guidelines

5

range at that same offense level would have been 37 to 46 months. *See* ECF No. 43 at 3.

V. **DOWNWARD DEPARTURE UNDER SECTION 5K1.1 OF THE GUIDELINES**

The government seeks a downward departure under Section 5K1.1 of the Guidelines based on Lin's substantial assistance in the investigation and prosecution of others, in particular, Dian Luo. Lin started cooperating after he was transported from Washington state to this district. He was interviewed multiple times, including after his guilty plea. He also consented to the search of two of his personal phones. His proffers and cooperation plea influenced Dian Luo to plead guilty. After fully factoring in Lin's assistance, the government recommends a four-level departure from offense level 19 to offense level 15, which would result in a recommended range of 21 to 27 months.

**ARGUMENT**

I. **THE 18 U.S.C. § 3553(A) FACTORS SUPPORT A SENTENCE OF TWENTY-ONE MONTHS OF INCARCERATION**

The Court must impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational treatment. 18 U.S.C. § 3553(a)(2). The Court also must consider the history and characteristics of the defendant, the sentencing range under the guidelines, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(7).

A. **The Nature and Circumstances of the Offense and the Need for the Sentence to Reflect the Seriousness of the Offense**

Lin literally has dedicated years of his life to defrauding Apple. He continued to receive shipments of inauthentic iPhones from Hong Kong even after law enforcement agents confronted

him about a shipment they intercepted in April 2016 and told him the phones were counterfeit. Instead of stopping his criminal behavior, he simply took efforts to conceal it by having phones shipped to aliases and fake company names and to UPS stores mailboxes that he leased. His scheme was sophisticated and extended into multiple jurisdictions, including Washington, D.C., Virginia, and New York. At an absolute bare minimum, Lin's conduct caused more than 1,110 inauthentic phones to be returned to Apple. Given the length of his scheme and his repeated efforts to defraud Apple, a prison sentence above and beyond the time that Lin already has served in custody in this case is warranted.

> **B.     The Need to Deter the Defendant and Others from This Type of Criminal Conduct and to Protect the Public from Further Crimes of the Defendant**

Absent Lin's cooperation, the government would ask for a significantly higher sentence. He clearly was not deterred from engaging in criminal conduct after he was arrested in Loudoun County in January 2014. He clearly was not deterred when he was arrested in that jurisdiction yet again in October 2014. He clearly was not deterred when a judge sentenced him to three years of probation in February 2015. He also clearly was not deterred from engaging in fraudulent conduct when law enforcement agents met with him in May 2016 to tell him that the phones he was receiving from Hong Kong were counterfeit. Thus, even though Lin already has served approximately eight months in custody, a total sentence of 21 months' imprisonment is necessary not only to deter others from engaging in this conduct, but also to further deter him from engaging in criminal behavior.[1]

---

[1] In October 2023, Lin reached out to two of the individuals associated with the sale of the Michigan-based Apple Authorized Service Provider that he and Luo had purchased. Lin reached out to these two individuals years later and while on release from this Court to ask them if they

C.     **The History and Circumstances of the Defendant**

Lin is a serial fraudster who has spent years of his life trying to defraud Apple, even going so far as to purchase an Apple Authorized Service Provider for use in the scheme at one point. His repeated failures to respect the law are extremely troubling, especially given the fact that he faced no ramifications for blatantly violating the terms of his Virginia probation by engaging in the instant scheme. On the other hand, following his arrest in this case, he provided helpful information to the government with respect to fraudsters' schemes to defraud Apple, and his cooperation ultimately helped influence one of his co-conspirators to plead guilty. Thus, considering his history and circumstances, including a *Smith* variance, a sentence of 21 months' imprisonment followed by three years of supervised release would reflect his history and circumstances, balancing the positive and negative.

D.     **The Need to Avoid Unwarranted Sentencing Disparities**

The following table consists of sentences imposed in similar cases. Notably, only Haotian Sun and Pengfei Xue chose to go to trial. Like Lin, the other defendants accepted responsibility. The bulk of this information was submitted as part of the government's sentencing memorandum in *United States v. Zhiwei Liao*, 19-CR-4407-1 (S.D. Cal.), ECF No. 691.

---

knew of any Apple Reseller Program stores available for sale. When the government confronted Lin with this information, he acknowledged reaching out to the two above-named individuals, but explained that an Apple Reseller Program store entails being an Apple authorized reseller whereas an Apple Authorized Service Provider actually services Apple devices. Lin asserted that no illegal activity occurs on the reseller side of the business. He said he inquired about the availability of Apple Reseller Program stores because he wanted to break into that line of business, not because he wanted to engage in any activity that would be illegal.

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Haotian Sun, 21-CR-646 (D.D.C.)** **-57 months in custody** -Two-level aggravating role adjustment -No acceptance of responsibility credit / cooperation | Conspiracy to Commit Mail Fraud (18 USC 1349) and Mail Fraud with personal responsibility for an actual loss of more than $1.5 million |
| **Pengfei Xue, 21-CR-646 (D.D.C.)** **-54 months in custody** -Two-level aggravating role adjustment -No acceptance of responsibility credit / cooperation | Conspiracy to Commit Mail Fraud (18 USC 1349) and multiple counts of Mail Fraud with joint responsibility for an actual loss of more than $1.5 million |
| **Zhiwei Liao, 19-CR-4407 (1) (S.D. Cal.)** **51 months in custody** -Agreed to forfeiture of two parcels of real property estimated to be worth $2.2 million -Agreed to forfeiture of $120,380 cash -Four-level aggravating role adjustment | Conspiracy to traffic in counterfeit goods - 10,000 iPhones with loss of $6.1 million |
| **Zhimin Liao, 19-CR-4407(2) (S.D. Cal.)** **41 months in custody** -Agreed to forfeiture of three parcels of real property, whose combined value is estimated to be $2.8 million -Agreed to forfeiture of $114,321 cash -Agreed to 2-level aggravating role adjustment | Conspiracy to traffic in counterfeit goods - 10,000 iPhones with loss of $6.1 million |
| **Zhiting Liao, 19-CR-4407(3) (S.D. Cal.)** **41 months in custody** -Agreed to forfeiture of real property estimated to be worth $826,659 -Agreed to forfeiture of $22,320 cash -Agreed to 2-level aggravating role adjustment | Conspiracy to traffic in counterfeit goods - 10,000 iPhones with loss of $6.1 million |
| **Xiaomin Zhong, 19-CR-4407 (4) (S.D. Cal.)** | Fugitive Residing in China |

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Phillip Pak, 19-CR-4407 (5) (S.D. Cal.)** **18 months in custody** -1-level departure under 5K1.1; -Paid $40,000 restitution prior to sentencing | Conspiracy to traffic in counterfeit goods – 1,718 iPhones with loss of $1,087,226 |
| **Dao Trieu La, 19-CR-4407 (6) (S.D. Cal.)** **3 years' probation** -Agreed to forfeiture of two parcels of real property estimated to be worth $2.3 million -Agreed to forfeiture of $120,370 cash | One substantive count of wire fraud – loss of $39,589 |
| **Mengmeng Zhang, 19-CR-4407 (7) (S.D. Cal.)** **3 years' probation** -Agreed to forfeiture of real property estimated to be worth $826,000 -Agreed to forfeiture of $22,320 cash | One substantive count of mail fraud – loss of $9,500 |
| **Tam Thi Minh Nguyen**, **19-CR-4407 (8) (S.D. Cal.)** **3 years' probation** -Agreed to forfeiture of three parcels of real property estimated to be worth a total of $2.8 million -Agreed to forfeiture of $114,321 cash | One substantive count of mail fraud – loss of $9,500 |
| **Deedee Zhu, 19-CR-4407 (9) (S.D. Cal.)** **15 months in custody** -2-level departure under 5K1.1 -Paid $40,000 restitution prior to sentencing | Conspiracy to traffic in counterfeit goods – 1,236 iPhones with loss of $774,741 |

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Danny Tran Chan, 19-CR-4407 (10) (S.D. Cal.)** **3 years' probation** -5-level departure under 5K1.1 -Minor role -No restitution paid yet | Conspiracy to traffic in counterfeit goods – 841 iPhones with loss of $531,067 |
| **Charley Hsu, 19-CR-4407 (11) (S.D. Cal.)** **Time-served (22 months)** -3-level departure under 5K1.1 -Minor role -No restitution paid | Conspiracy to traffic in counterfeit goods – 1,777 iPhones with loss of $1,151,375 |
| **Jiaye Jiang, 19-CR-4407 (12) (S.D. Cal.)** **3 years' probation** -2-level departure under 5K1.1; -Minor role -Paid $50,000 in restitution prior to sentencing) | Conspiracy to traffic in counterfeit goods – 219 counterfeit iPhones with a loss of $135,185 |
| **Hyo Weon Yang, 19-CR-4407 (13) (S.D. Cal.)** **1 year and 1 day in custody** -1-level departure under 5K1.1; -Minor role -Paid $40,000 in restitution after sentence imposed | Conspiracy to traffic in counterfeit goods – 484 iPhones with loss of $300,964 |

| **Defendant & Sentence Imposed** (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | **Offense of Conviction, Number of Counterfeit iPhones & Loss** |
|---|---|
| **Quan Jiang –19-CR-167 (D. Or.)** <br> **37 months in custody** | Trafficking counterfeit goods. Defendant admitted that, from 2015 through 2017, he smuggled at least 2,000 counterfeit iPhones resulting in loss of $1.2 million. Defendant managed other conspirators as part of the scheme. Govt. recommended variance based on defendant's provision of information during proffer sessions, withdrawal of claims to forfeiture of Mercedes-Benz and prepayment of $200,000 in restitution. |
| **Haiwei Zhong, 17-CR-115 (D. Utah)** <br> **33 months in custody** | Mail Fraud and False Statements. Defendant admitted that, from early 2016 through January 2017, he acquired 570 new iPhones through submission of more than 1,000 counterfeit iPhones resulting in loss of $458,262. No aggravating role adjustment recommended by the Government or imposed by the Court. |
| **Haiteng Wu, 20-CR-80-EGS (D.D.C.)** <br> **Time-served (26 months)** <br> -Defendant assisted government in selling two parcels of real property and a car that he agreed to forfeit. <br> -6-month *Smith* variance <br> -3-level Aggravating Role Adjustment | Conspiracy to Commit Mail Fraud (18 U.S.C. § 371). Wu admitted that, for approximately 3.5 years, he and conspirators caused more than 2,300 inauthentic phones to be submitted to Apple causing an actual loss of $987,000. He also admitted recruiting others, including his wife, to participate in the scheme. |

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Jiahong Cai, 20-CR-81-EGS (D.D.C.)**<br>**Time-served (approx. 5 months)**<br>-2-level minor role adjustment<br>-Agreed to Stipulated Judicial Removal Order | Conspiracy to Commit Mail Fraud (18 U.S.C. § 371). The intended loss for Cai (Wu's wife) was $30,600 and the actual loss was $23,400. |
| **Teang Liu, 21-CR-1-EGS (D.D.C)**<br>**12 months and 1 day**<br>-4-level departure under 5K1.1<br>-6-month *Smith* variance<br>-Prepaid $57,570 forfeiture money judgment | Conspiracy to Commit Mail Fraud (18 U.S.C. § 371). Liu admitted that more than 1,099 inauthentic phones were submitted to Apple, causing an actual loss of $577,800. Defendant was recruited by Wu. |

The government submits that sentencing Lin to 21 months' imprisonment would not lead to an unwarranted sentencing disparity with the above defendants, especially considering his criminal history and the lack of consequences he faced for violating his probation in Virginia.

## VI.     RESTITUTION AND FORFEITURE

As part of his plea agreement, Lin agreed to pay restitution in the amount of $318,000. He also agreed to the entry of a forfeiture money judgment in that same amount. *See* ECF No. 43 at 11-12.

## CONCLUSION

The government respectfully requests that the Court sentence Ranshen Lin to 21 months of incarceration followed by three years of supervised release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By: */s/ Kondi J. Kleinman*
Kondi J. Kleinman
California Bar No. 241277
Assistant United States Attorney
Fraud, Public Corruption & Civil Rights Section
601 D Street, N.W. | Washington, D.C. 20530
(202) 252 6887 | Kondi.Kleinman2@usdoj.gov

Ryan K.J. Dickey
D.C. Bar No. 982536
Senior Counsel
Computer Crime & Intellectual Property Section
1301 New York Ave, N.W. | Washington, D.C. 20530
(202) 616-1509 | Ryan.Dickey@usdoj.gov